Chief Justice Quiñones and Justices Hernández and Sulzbacher, concurred.

Mr. Justice Figueras did not sit at the hearing of this case.

---

## HUERTAS *v.* MARRERO.

### APPEAL from the District Court of San Juan.

No 35.—Decided November 24, 1903.

DIVORCE.—ABANDONMENT.—The abandonment of the wife by the husband or of the husband by the wife for a longer period of time than one year is sufficient ground for divorce.

ID.—EVIDENCE OF ABANDONMENT.—The admission by the defendant of the facts alleged by the plaintiff, including the charge of abandonment, and indirectly confirmed by the testimony of uncontradicted witnesses, constitutes sufficient evidence of the abandonment mentioned by the law as ground for divorce.

### STATEMENT OF THE CASE.

This is an action for divorce, prosecuted in the District Court of San Juan by Ceferino Huertas, as plaintiff, represented by his counsel, Santiago B. Palmer, against Ana Ma-

su abogado Don Santiago B. Palmer, y de la otra, como demandada, Doña Ana Marrero, representada por su Abogado defensor Don José C. Rodriguez Cebollero, sobre divorcio; autos pendientes ante Nos á virtud del recurso de apelación interpuesto por la representación del demandante contra la sentencia pronunciada por el expresado Tribunal de Distrito, que transcrita literalmente dice así:

"En la Ciudad de San Juan de Puerto Rico, á 21 de Marzo de 1903, visto en juicio oral y público los presentes autos declarativos sobre divorcio, seguidos entre partes: de una, como demandante, el Letrado Don Santiago B. Palmer, en representación de Don Ceferino Huerta, contra su esposa Doña Ana Marrero, y en su nombre el Letrado Sr. Rodríguez Cebollero, sin que consten las generales de ninguna de las partes contendientes.

*Resultando:* que en el mes de Agosto de 1902, el Abogado Sr. Palmer, en la representación que ostenta, dedujo demanda en juicio declarativo ordinario contra la Sra. Marrero, esposa del demandante, por abandono y malos tratos, fundándola en los siguientes hechos: que su representado hace años contrajo matrimonio con la demandada, reinando la más completa armonía en el hogar conyugal hasta el año 1897, en que, á consecuencia del carácter díscolo de su esposa, empezaron á surgir disgustos graves; que á fines del referido año 1897 continuaron los disgustos, injuriando y maltratando al demandante su citada esposa; que allá, por el mes de Enero de 1898, la demandada abandonó el hogar conyugal sin que volviese á él á pesar de los repetidos llamamientos que con tal objeto le hiciera su esposo, y que siendo infructuosas tales gestiones, el actor se vió en el preciso caso de demandarla, en conciliación, en cuyo acto la demandada se avino á las pretensiones del demandante, solicitando en la súplica de su escrito que, previos los trámites legales, se declarase con lugar la demanda, á la cual acompañaba una certificación de la partida matrimonial y otra de haberse celebrado con avenencia el acto de conciliación.

*Resultando*. que admitida la demanda y conferido traslado de ella á la demandada, mediante carta-orden expedida por el Juez Municipal de Toa Alta, y al Ministerio Fiscal, la contestó á nombre de aquélla el Abogado Rodríguez Cebollero, reconociendo como ciertos los hechos alegados y allanándose en un todo á las pretensiones del actor.

*Resultando:* que convocadas las partes á una comparecencia para proponer las pruebas de que intentasen valerse, tuvo lugar aquélla el 18 de Diciembre del año anterior, asistiendo solamente el Letrado del demandante, quien propuso la testifical, prueba que fué declarada pertinente por providencia del mismo dia, mandándose practicar con citación de la parte contraria.

rrero, as defendant, represented by her counsel, José C. Rodríguez Cebollero, which case is pending before us on appeal taken by counsel for plaintiff from the judgment rendered by the said District Court, which literally reads as follows:

"In the City of San Juan, Porto Rico, March 21, 1903. An oral and public hearing having been had in the action for divorce, prosecuted by Santiago B. Palmer, Esq., on behalf of Ceferino Huertas, as plaintiff, against the latter's wife, Ana Marrero, represented by her counsel, Rodríguez Cebollero, no further general facts appearing in regard to the parties.

"In August of 1902, Attorney Palmer, representing Ceferino Huertas, brought an ordinary action for abandonment and ill-treatment against Ana Marrero, the plaintiff's wife, alleging the following facts: That plaintiff had many years ago contracted marriage with defendant, and in their home the most absolute harmony had prevailed up to 1897, when, as a result of his wife's ungovernable temper, serious quarrels began to occur; that during the latter part of said year the quarrels continued to occur, he being abused and ill-treated by his wife; that about January, 1898, the defendant abandoned her home and did not return despite her husband's repeated efforts to bring her back, for which reason he was compelled to institute proceedings to secure a conciliation, at which the defendant had acquiesced in plaintiff's demand, he praying that after complying with the legal formalities his complaint be sustained. His complaint was accompanied by a certificate of the marriage entry, and another certificate to the effect that the proceedings to secure a conciliation had been held and an agreement reached between the parties.

"The complaint being admitted and notice thereof having been served upon the defendant, through the municipal judge of Toa-Alta, and upon the *Fiscal,* answer thereto was filed by Rodríguez Cebollero, Esq., on behalf of the defendant, who admitted all the facts alleged in the complaint and acquiesced in all the demands of the plaintiff.

"The parties being duly summoned to appear for the purpose of proposing such evidence as they intended to make use of, said proceedings took place on December 18 of the previous year, at which the only one to appear was counsel for plaintiff, who proposed the presentation of the testimony of witnesses, which by an order made on the same day was declared pertinent and ordered to be heard, the adverse party being cited.

*Resultando:* que en el acto del juicio oral, celebrado en el dia de hoy, declararon bajo juramento los testigos Manuel Sanfeliz, que dijo que la demandada vive en el Corozal, y su esposo, el demandante, en Toa Baja, y que suponía que atendiese á las necesidades de aquélla Francisco Moreno, en cuya compañía vive; José de la Roca Vázquez que manifestó que la demandada vive, hace más de tres años, con Francisco Moreno, del cual tiene varios hijos; y Gaspar Berio expuso que fué comisionado por el actor para ir á ver á su esposa que vivía en un principio con sus padres, y después, maritalmente, con Moreno, del que tiene varios hijos, y la cual se negó á ir á vivir con su esposo, sin que declarase ningún otro testigo.

*Resultando:* que terminada la práctica de la prueba, el Letrado Sr. Palmer usó de la palabra haciendo aquellas alegaciones que creyó oportunas en pro de su patrocinado, y el Tribunal en el mismo acto, prévia votación, declaró por unanimidad sin lugar la demanda con las costas al actor.

*Resultando:* que en la sustanciación de este juicio se han guardado las reglas del procedimiento. Visto, siendo Ponente el Juez Presidente Don Juan Morera Martinez.

*Considerando:* que invocadas como causas motivadoras del divorcio el abandono y los malos tratos por parte de la esposa, la prueba propuesta y practicada en el acto del juicio oral ha debido circunscribirse á estos extremos, cosa que no ha sucedido en el presente caso en que las declaraciones de los testigos han tendido única y exclusivamente á probar el adulterio, que no ha sido por cierto la causa en que basa el actor su demanda y lo que tampoco se ha probado debidamente.

*Considerando:* que dado el principio "justa alegata et probata" que informa nuestro enjuiciamiento civil vigente, es indispensable, para poder obtener una sentencia favorable, que las pruebas practicadas á instancia de las partes vengan á corroborar las causas invocadas en la demanda, único modo de que aquélla sea congruente con la demanda y demás pretensiones deducidas oportunamente, congruencia que debe recaer nó sólo sobre las personas, cosas y acciones que hayan sido objeto del pleito, si que también sobre las causas.

*Considerando,* además, que la prueba incumbe al actor y que "actore non probante, reus est absolvendus".

*Considerando:* que el litigante cuyas pretensiones sean totalmente desestimadas debe ser condenado en costas.

*Visto* el artículo 359 y demás aplicables de la Ley de Enjuiciamiento Civil, así como la Orden General 118, de 1899. Fallamos que debemos declarar y declaramos sin lugar la presente demanda y en su consecuencia absolvemos de ella á la demandada, con las costas á la parte actora.

Así por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos.—Juan Morera Martinez.—Frank H. Richmond.—José Tous Soto".

"At the hearing which took place to-day the following witnesses testified under oath: Manuel Sanfeliz, who stated that the defendant lives in Corozal, and her husband, the plaintiff, in Toa-Baja, and that he supposes her needs were attended to by Francisco Moreno, with whom she lives; José de la Roca Vázquez, who testified that the defendant had been for three years living with Francisco Moreno, by whom she has had several children; and Gaspar Berio testified that he had been commissioned by the plaintiff to see his wife who, at first, lived with her parents, and afterwards, maritally, with Moreno, by whom she has had several children, and that she had refused to return to her husband. No other witnesses testified.

"When the evidence was all in Attorney Palmer made such allegations in favor of his client as by him were deemed pertinent, and the court, by a unanimous vote, dismissed the complaint, with costs against the plaintiff.

"The rules of procedure have been observed in the conduct of this trial. Presiding Judge Juan Morera Martínez prepared the opinion of the court.

"Abandonment and ill-treatment on the part of the wife, having been urged as causes for the divorce, the evidence proposed and introduced at the hearing should have been confined to these points, whereas the testimony of the witnesses has tended only and wholly to prove adultery, which certainly was not the ground on which the plaintiff based his complaint, and even adultery has not been duly proven.

"In view of the principle *justa alegata et probata,* which is found in the Law of Civil Procedure now in force, in order to obtain a favorable judgment it is necessary that the evidence introduced at the request of the parties shall sustain the allegations contained in the complaint, for only in this manner can such judgment be consistent with the complaint and other claims in due time set up, which consistence should have reference not only to persons, cases and actions that are the object of the suit, but also to causes.

"Moreover, the burden of proof lies upon the plaintiff, and *actore non probante, reus absolvitur.*

"The litigant who loses his case on all points shall be adjudged to pay the costs.

"In view of article 359, and others, of the Law of Civil Procedure, as also General Order No. 118, series of 1899, we adjudge that we should dismiss the complaint herein, with costs against the plaintiff.

"Thus by this our decision, finally adjudging, do we pronunce, command and sign—Juan Morera Martínez—Frank H. Richmond—José Tous Soto."

*Resultando :* que contra esta sentencia interpuso la representación del demandante, Don Ceferino Huertas, recurso de apelación, que le fué admitido libremente y en ambos efectos, y elevados los autos á esta Superioridad con citación y emplazamiento de las partes, y personada la apelante, se le dió al recurso la tramitación correspondiente y se señaló dia para la vista, á cuyo acto concurrieron el Representante del Ministerio Fiscal y el Abogado defensor de la parte apelante.

Abogado del apelante : *Sr. Ramos (Juan R.)*

Fiscal del Tribunal Supremo : *Sr. del Toro.*

La parte apelada no compareció.

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal.

*Abeptando* los fundamentos de hecho de la sentencia apelada.

*Considerando :* que el abandono de la mujer por su marido y del marido por su mujer. por un término mayor de un año, es una de las causas que dan lugar al divorcio con arreglo al artículo 164 del nuevo Código Civil.

*Considerando :* que las manifestaciones explícitas y terminantes consignadas por la demandada, Doña Ana Marrero en el acto de conciliación celebrado con su esposo Don Ceferino Huertas sobre la certeza de los hechos alegados por éste como fundamentos de su demanda de divorcio, unidas al testimonio de los tres testigos que han declarado en estos autos, y que indirectamente los confirman, constituyen una prueba suficiente del abandono del marido Don Ceferino Huertas por su esposa Doña Ana Marrero, por un término mayor del que se requiere por el nuevo Código Civil, y que en ese concepto es procedente el divorcio, sin que por eso puedan entenderse prejuzgadas otras cuestiones que no han sido propuestas ni discutidas oportunamente en el pleito.

*Vistas* las disposiciones legales citadas y las demás de aplicación general.

From this decision counsel for Ceferino Huertas, the plaintiff, took an appeal which was allowed *en ambos efectos*, namely, with the effect of staying the proceedings in the trial court and of the review of the case on appeal, and the record having been forwarded to this Supreme Court, and the parties being cited, the apellant appeared, and the proper procedure was followed, and a day being set for the hearing the same was duly had, the representative of the office of the Attorney General and counsel for apellant, being present.

*Mr. Juan R. Ramos*, for appellant.

*Mr. del Toro, Fiscal* of the Supreme Court.

The respondent did not appear.

MR. CHIEF JUSTICE QUIÑONES, after making the above statement of facts, delivered the opinion of the court as follows:

The findings of fact of the judgment appealed from are accepted.

The abandonment of the wife by the husband or of the husband by the wife, for a longer period of time than one year, is one of the grounds for divorce, according to article 164 of the new Civil Code.

The explicit and conclusive statements made by the defendant, Ana Marrero, in the proceedings to secure a conciliation with her husband, Ceferino Huertas, regarding the truth of the facts alleged by the latter as grounds for the divorce suit, together with the testimony of the three witnesses who have testified in this case, and which indirectly confirm said facts, constitute sufficient evidence of the abandonment of the husband, Ceferino Huertas, by his wife, Ana Marrero, for a longer period of time than is required by the new Civil Code, and therefore the divorce should be granted, this declaration not necessarily implying the decision of other issues, not duly proposed and discussed herein.

*Fallamos:* que debemos revocar y revocamos la sentencia apelada, declarando con lugar la demanda de divorcio establecida por Don Ceferino Huertas contra su esposa Doña Ana Marrero, y en su consecuencia disuelto el vínculo matrimonial existente entre ambos esposos, con todos los demás efectos legales que sean procedentes; entendiéndose las costas de la primera instancia de cargo de la demandada Doña Ana Marrero, y las de esta segunda instancia sin especial condenación.

Jueces concurrentes: Sres. Hernández, Sulzbacher y Mac Leary.

El Juez Asociado Sr. Figueras no formó Tribunal en la vista de este caso.

---

## Ex Parte Bird.

### Solicitud para que se expida mandamiento de Habeas Corpus.

#### No. 22.—Resuelto en Noviembre 25, 1903.

Desacato.—Competencia en estos Casos.—Cuando en un Tribunal colegiado un sólo Juez forma Tribunal para presidir un juicio por jurado, tal Juez es perfectamente competente, por razón de la materia y de su personalidad, para conocer de cualquier procedimiento por desacato cometido contra el Tribunal así constituido, y dictar la sentencia que sea procedente.

Id.—Celebración del Juicio en Ausencia del Acusado.—En las causas por delito menos grave, á cuya naturaleza corresponde el de desacato, no es requisito indispensable para la validéz del juicio la presencia del acusado, siempre que esté representado por su abogado defensor.

Id.—Mandamiento de Arresto.—En los casos de desacato la orden ó mandamiento de arresto deberá estar firmada por el Juez sentenciador, y hacerse constar en ella el acto ó actos constitutivos del desacato, la fecha y lugar de su comisión y circunstancias de la misma, con especificación de la sentencia que se hubiere dictado, y la falta de dichos requisitos producirá la completa nulidad de dicha sentencia, quedando por consiguiente nulo y sin ningún valor el mandamiento de arresto.

Id.—Las penas por desacato impuestas con arreglo á la Ley especial sobre la materia, no implden la acción penal que por el mismo delito pueda entablar el Fiscal de la respectiva jurisdicción.

In view of the legal provisions cited and others of general application, we adjudge that we should reverse and do reverse the judgment appealed from, and sustain the action for divorce instituted by Ceferino Huertas against his wife, Ana Marrero, and accordingly, the marriage bond hitherto existing between the parties is hereby dissolved, with all the proper legal effects; the costs in the trial court to be taxed against the defendant, Ana Marrero, and the costs of this appeal being left without special imposition.

Justices Hernández, Sulzbacher and MacLeary, concurred.

Mr. Justice Figueras did not sit at the hearing of this case.